```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| BRENDA M. HOFFMAN | ) | CIVIL ACTION NO. 04-1397 |
| | ) | Judge Cercone |
| Plaintiff, | ) | Magistrate Judge Caiazza |
| | ) | |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

### I. Recommendation

Acting pursuant to 42 U.S.C. § 405(g), Brenda Hoffman ("Hoffman" or "the claimant") appeals from a January 14, 2004 final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability and supplemental security income benefits. Cross-motions for summary judgment are pending. It is respectfully recommended that the claimant's motion (Doc. 9 ) be denied, and that the Commissioner's motion (Doc. 10) be granted.

### II. Procedural Background

This is Hoffman's fifth application for disability benefits. Her first claim, filed in April 1999, was initially denied in July 1999 and was not pursued. In December 1999, Hoffman filed a second application for disability benefits. This request was denied in April 2000 and again, Hoffman did not take further action. In August 2000, a third application was filed, initially denied, and abandoned. A fourth claim was filed in February 2001,

and was initially denied in August of the same year. Hoffman requested that a hearing be held, but when she failed to appear, the matter was dismissed.

The present claims for disability insurance and supplemental security income benefits were filed on March 22 and December 10, 2002 respectively. These claims were denied initially, and, at Hoffman's request, an administrative hearing was held on October 15, 2003. Hoffman - who had legal counsel - her fiancé, and a vocational expert testified. After considering the testimony against the background of the record as a whole, the ALJ found that Hoffman retained the ability to perform a restricted range of light work with exertional and non-exertional limitations. As a result, she was not disabled within the meaning of the Social Security Act and was not entitled to benefits. Hoffman's request for review of this decision was denied by the Appeals Council on July 14, 2004, making the ALJ's decision the final decision of the Commissioner. This timely appeal followed.

### III. Factual Background

At the time of the hearing, Hoffman was twenty-eight years old, held a bachelor's degree in religion, and had completed graduate work at a seminary outside Pittsburgh. Despite her level of education, Hoffman's work experience was limited to waitressing, hostessing, and working as a clerk in a fast food restaurant. Because Hoffman last had insured status under the Social Security Act on June 30, 2001, she must show that she

became disabled on or before that date in order to be eligible for benefits.

Hoffman alleged that she has been unable to work since July 1,1999 due to multiple physical and mental impairments. In her testimony before the ALJ, ( R. 37-106), Hoffman, who clearly believes that she is seriously ill, listed the conditions preventing her from returning to work,[1] identifying back and leg pain and tremors as her primary problems. She reported that these difficulties appeared or worsened dramatically after the birth of her daughter two years earlier, on October 21, 2001.[2] According to Hoffman, the combination of conditions from which she suffered left her almost entirely unable to function.  Her daughter's

---

[1] These included whole-body tremors, congestive heart failure, cardiomyopathy  chest pain over one of the valves in her heart, insomnia, obesity, pain in her lower back and legs, inability to understand what she reads, anxiety and panic attacks, ankle swelling, tongue swelling, mood swings, sleep apnea, breathing problems, edema, aggressive behavior, memory disorders, memory and speech impediments, difficulty walking, carpal tunnel syndrome in the right wrist, pain in her arms from trying to stabilize her body weight, buckling knees, inability to grip, general weakness, fatigue, periodic loss of appetite, hot flashes, a thyroid condition, depression, bi-polar disorder, flashbacks of past abuse, possible autism, "brain tonsils," scoliosis, and mild deconditioning.

[2] Although this issue has not been addressed, the only medical issues raised prior to the birth of Hoffman's daughter were those relating to depression and anxiety, for which she received medication. She consistently attributed her back pain to the epidural administered during the course of her labor.( R. 388). She also gained weight after the birth, going from 130 pounds prior to the pregnancy to 230 afterward.( R. 59) The remainder of the complaints listed apparently were made for the first time after her last date of insurance. Based on this record, Hoffman did not establish that she was disabled on or before that date. It appears that on this alternative ground, too, the denial of benefits would have been appropriate.

care, the household chores, food preparation, shopping, bill paying, and virtually every other task of day to day life fell to her live-in fiancé. Hoffman went so far as to grant him power of attorney so that he would be able to make decisions for her in all areas of her life.

As might be expected from the number and nature of Hoffman's complaints, the record before the ALJ includes a significant amount of medical information bearing on her physical and mental status.  This information is summarized in the ALJ's opinion and is, of course, included in the record before us. The court has read every one of the reports, and the parties are familiar with their contents.  Accordingly, the court will not recount the details of these medical records, and will refer to the reports only generally.

In concluding that Hoffman was not entitled to benefits, the ALJ considered the following: records compiled by more than fifteen medical doctors, psychologists, and social workers; objective data such as the results of MRIs, echocardiograms, EKGs, and other medical and psychological tests; and testimony given by Hoffman, her fiancé, and a vocational expert.  The ALJ concluded that Hoffman suffered from back pain, depression, anxiety, and obesity, and that the impact of these medically determinable impairments was "severe" as defined by the relevant regulations.  Although Hoffman's description of the limitations imposed by these conditions and the pain associated with them

were found to be partially credible, the ALJ concluded that Hoffman retained the ability to perform a significant number of jobs within the category of light work as long as restrictions were imposed to accommodate her limitations. Because the ALJ found that she could work, Hoffman was not found to be disabled within the meaning of the Social Security Act. Her request for benefits was denied.

## IV. Discussion

### A. Standard of Review

The Social Security Act limits judicial review of the Commissioner's final decision regarding benefits to a determination of whether the factual findings are supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988), and whether the correct law was applied. Coria v. Heckler, 750 F.2d 245, 247 (3d Cir 1984.) Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Stunkard v. Secretary of Health and Human Services, 841 F. 2d 57, 59 (3d Cir. 1988)(quoting Richardson v. Perales, 402 U.S. 389, 401(1971)). It consists of "more than a scintilla of evidence, but less than a preponderance." Id.

### B. Selective Citing of the Record Evidence

On appeal, Hoffman first challenges the ALJ's determination that she retained the capacity to perform some range of light

work. In an argument made in less than one page, she contends that the denial of benefits impermissibly rested on selective references to words and sentences culled from the reports which, taken together, overstate Hoffman's ability to work. This argument lacks merit.

The court has undertaken more than one critical review of the record and does not find that the ALJ's overall opinion distorted the evidence. It is true that the reports included in the record are not uniform in their conclusions with respect to Hoffman's alleged impairments.[3] Some discrepancy is to be expected when multiple professionals review complaints as numerous and varied as those presented here. This is especially true where there is almost no objective medical underpinning for the allegations of physical and mental impairment.[4] The ALJ discussed the objective data bearing upon each of Hoffman's alleged impairments, noting that nearly all had been resolved, or were not objectively verifiable.

---

[3] It is worth noting that not one of Hoffman's treatment providers concluded that she was permanently disabled.

[4] For example, Hoffman consistently alleges that she suffers from bipolar disorder. The record does not, however, contain any evidence showing when, by whom, or on what basis this diagnosis was made. The record also fails to show that Hoffman was ever given medication for this disorder, or that she ever regularly consulted a psychiatrist for treatment. The evidence relating to depression and anxiety is also notable. Despite Hoffman's continued complaints, there is no indication that her medicine dosage was monitored on an on-going basis or that alternate medications were tried in order to bring her symptoms under better control. Again, the record fails to show that Hoffman sought psychiatric help for depression or anxiety on a regular or continuing basis.

The court is convinced that the ALJ's opinion gave a fair summary of a record covering several hundred pages. She addressed many of the inconsistencies in the medical reports and conclusions, and described as well inconsistencies in Hoffman's own testimony.  The ALJ's reasoning with respect to each aspect of the case is grounded in the record. In saying this, the court recognizes that this case is a difficult one.  Because of the lack of objective data, much of what has been reported about Hoffman is subjective in nature. Another ALJ reviewing the same record might have reached a different result.

The court's role, however, is not to second-guess the Commissioner.  The governing standard of review narrowly confines this inquiry to whether there is substantial evidence in the record to support the Commissioner's findings. Applying that standard, the court is satisfied that the ALJ communicated the essence of the reports, drew reasonable conclusions from them, correctly applied the law, and based the denial of benefits on substantial evidence.

### C. Consideration of Hoffman's Alleged Mental Impairments

Hoffman next alleges that the Commissioner erred in analyzing evidence relating to Hoffman's mental impairments, failing to take those impairments into account in formulating the questions posed to the vocational expert:

> The determinations as to the effect of her
> mental impairments upon her ability to engage
> in substantial gainful activity was [sic] not

> considered by the ALJ in her hypothetical to
> the VE. The medical evidence establishes that
> the plaintiff suffers from "severe" mental
> impairments, despite the ALJ's determination
> to the contrary.

(Pl. Br. 14).

The ALJ did <u>not</u> determine that Hoffman was free from severe mental impairments. Instead, the ALJ wrote:

> [T]he medical evidence indicates that the
> claimant has degenerative disc disease, depression,
> anxiety, and obesity, impairments that, considered
> in combination are severe within the meaning of the
> Regulations, but not severe enough to meet or
> medically equal one of the impairments listed in
> Appendix 1 . . . The claimant's mental impairments
> have been evaluated under Sections 12.04 and 12.06
> of Appendix 1.

(ALJ's Dec. 18). The ALJ also found that Hoffman's depression and anxiety imposed mild limitations on her activities of daily living, and moderate limitations on her social function, concentration, persistence, and pace. ( ALJ's Dec. 20).

Based on these findings, the ALJ concluded that Hoffman retained the residual functional capacity to perform a range of light work with a sit/stand option, postural limitations, and lack of exposure to pulmonary irritants or hazards. Hoffman could not be required to perform activities requiring balancing or climbing, and would require a cane to help her walk. She would have no contact with the general public, and only occasional contact with co-workers and supervisors.

The ALJ then questioned a vocational expert as to what jobs might be available in substantial numbers in the national economy

for a person with Hoffman's residual functional capacity. The expert testified that a person similarly situated could work as a desk attendant, hand packer, sorter/grader, or laundry folder. Upon further questioning, the expert testified that the desk attendant position should be eliminated from the range of opportunities appropriate for Hoffman because it would require public contact. The sorter/grader position was eliminated, too, because it might pose problems for someone with limitations in area persistence or pace. Asked if there were other jobs that could be substituted for the ones eliminated, the vocational expert listed a mail clerk, and a labeler/marketer. He testified that this was not an exhaustive list of jobs that Hoffman could perform, but was, instead, a sampling. Based on the information supplied by the vocational expert, the ALJ found that Hoffman was capable of making a vocational adjustment to the types of jobs described.

The record shows that the ALJ explicitly stated that she had taken Hoffman's mental status into account in determining that Hoffman was severely impaired, and that the questions posed to the vocational expert made allowances for each of the credible limitations imposed by Hoffman's mental impairments. The court does not find error in the ALJ's conclusions with respect to Hoffman's mental status.

## IV. CONCLUSION

Because the Commissioner did not misapply the relevant law,

and her findings of fact are supported by substantial evidence, Hoffman's motion for summary judgement should be denied, and the Commissioner's motion for summary judgement should be granted.

In accordance with the Magistrate's Act, 29 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by December 16, 2005. Responses to objections are due by December 27, 2005.

November 30, 2005

s/Francis X. Caiazza<br>
Francis X. Caiazza<br>
U.S. Magistrate Judge

cc:
Paul Kovac
Assistant United States Attorney
Western District of Pennsylvania
700 Grant Street, Suite 400
Pittsburgh, PA 15219

Joan E. Lesnock, Esq.
Law Office of Joan E. Lesnock
256 Washington Trust Bldg.
Washington, PA 15301